UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNEDY STOCK, LLC,

        Plaintiff,

  v.

NLS NEW YORK INC.,

        Defendant.

**ORDER**

18 Civ. 4991 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

    Plaintiff Kennedy Stock, LLC has sued Defendant NLS New York, Inc. for copyright infringement and unauthorized removal of copyright management information. (Cmplt. (Dkt. No. 1))  This Court entered an Order of Default against Defendant (Dkt. No. 28) and referred this case to Magistrate Judge Barbara C. Moses for an inquest on damages. (Dkt. No. 27)  Judge Moses has issued a Report and Recommendation ("R&R") in which she recommends that Plaintiff be awarded $60,000 in damages and $2,918 in attorneys' fees and costs. (R&R (Dkt. No. 33) at 16)  For the reasons stated below, the R&R will be adopted in its entirety.

## **BACKGROUND**[1]

    Plaintiff is a Missouri-based limited liability company that licenses copyrighted stock photography by professional photographer Stephen Kennedy. (Cmplt. (Dkt. No. 1) ¶¶ 3-4,

---

[1] The parties have not objected to Judge Moses's recitation of the alleged facts. Accordingly, the Court adopts her account of the facts in full. See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section. . . ."). Given Defendant's default, these facts are assumed to be true. Idir v. La Calle TV, LLC, No. 19-CV-6251 (JGK), 2020 WL 4016425, at *2 (S.D.N.Y. July 15, 2020) ("In the event of a defendant's default, the plaintiff's properly pleaded allegations in the complaint, except those related to damages, are accepted as true.").

1

13-15, 29, & Ex. 1)  Defendant is a New York corporation that provides chauffeur services.  (Id. ¶¶ 6-7)

According to the Complaint, on or before March 20, 2018, Defendant "copied, published, and displayed at least six of Plaintiff's copyrighted [p]hotographs on [Defendant's] [w]ebsite" without first requesting to or obtaining a license to copy, publish, or use Plaintiff's photographs.  (Id. ¶¶ 16-18, & Exs. 1 & 2)  In displaying the photographs on Defendant's website, Defendant "removed and/or cropped out Plaintiff's copyright watermark, which is always displayed in the lower right corner of Plaintiff's images prior to issuing a valid license."  (Id. ¶¶ 24-26, & Exs. 1 & 2)

The Complaint was filed on June 5, 2018 (Dkt. No. 1), and Defendant was served with the Complaint on September 10, 2018.  (Dkt. No. 11)  Defendant has not responded to the Complaint or otherwise appeared in this action.

On November 28, 2018, the Court ordered Defendant to show cause – at a hearing scheduled for December 20, 2018 – why a default judgment should not be entered.  (Dkt. No. 24)  Defendant was served with the order scheduling the hearing (Dkt. No. 25), which was later adjourned to January 10, 2019.  (Dkt. No. 26)  Defendant did not appear for the show cause hearing on January 10, 2019.  (Dkt. No. 28)  That day, the Court issued an Order of Default against Defendant (id.) and referred this case to Judge Moses for an inquest on damages.  (Dkt. No. 27)

On February 11, 2019, Plaintiff filed proposed findings of fact and conclusions of law and a supporting declaration (Dkt. Nos. 30-31), which Plaintiff served on Defendant the same day.  (Dkt. No. 32)  Although Judge Moses invited a written submission from Defendant (Dkt. No. 29), Defendant submitted nothing.

On November 18, 2019, Judge Moses issued a 17-page R&R recommending that Plaintiff be awarded (a) $60,000, representing $10,000 for each of the six infringed photographs, and (b) $2,918 in attorneys' fees and costs. (R&R (Dkt. No. 33) at 14, 16)

In her R&R, Judge Moses notified the parties that they had fourteen days to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (Id. at 17) The R&R further states that "[f]ailure to file timely objections will result in a waiver of such objections and will preclude appellate review." (Id. (emphasis omitted)) Neither side has objected to the R&R.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

3

## DISCUSSION

Here, the R&R recites the requirement that "pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)," the "parties shall have fourteen days from [November 18, 2019] to file written objections" to this R&R. (R&R (Dkt. No. 33) at 17) The R&R further states that "[f]ailure to file timely objections will result in a waiver of such objections and will preclude appellate review." (Id. (emphasis omitted)) Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Moses's R&R.

Because neither side filed objections to Judge Moses's R&R, the parties have waived judicial review. The Court has, however, reviewed Judge Moses's seventeen-page R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Moses's R&R will be adopted in its entirety.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety and Plaintiffs are awarded $60,000 in statutory damages under the Copyright Act, 17 U.S.C. § 504(c), and $2,918 in attorneys' fees and costs. The Clerk of Court is directed to enter judgment and to close the case.

Dated: New York, New York
       October 27, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge